*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-CV-695

KAYAN, LLC, APPELLANT,

v.

AZAD YUNUS, et al., APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(CAR-7677-18)

(Hon. Laura A. Cordero, Trial Judge)

(Argued April 26, 2022                    Decided July 28, 2022)

*Abdullah H. Hijazi*, with whom *Martin D. Zhou* was on the brief, for appellant.

*Azad Yunus*, pro se.

*Zack Hill*, with whom *Mariah Hines*, *Jennifer Joseph*, and *Jonathan H. Levy* were on the brief, for The Legal Aid Society of the District of Columbia, *amicus curiae* in support of appellee.

Before EASTERLY, MCLEESE, and DEAHL, *Associate Judges*.

MCLEESE, *Associate Judge*: Appellant Kayan, LLC challenges an order denying its motion to intervene in a judicial-foreclosure action brought by Bank of America, N.A., against appellee Azad Yunus. We affirm.

**I.**

In 2018, Bank of America filed an action seeking to foreclose on a property owned by Mr. Yunus. The trial court entered judgment for Bank of America and ordered that the property be sold at foreclosure. The foreclosure sale occurred in November 2019, and Kayan was the purchaser. Because the purchase price was larger than Mr. Yunus's mortgage debt, the sale resulted in a surplus. The trial court ratified the sale in January 2020, and Kayan obtained a deed to the property in February 2020.

In March 2020, Kayan filed a separate action for possession of the property, alleging that Mr. Yunus had unlawfully remained on the property after the foreclosure sale. Meanwhile, in the foreclosure action, Bank of America moved in August 2020 to ratify the accounting of the sale. In September 2020, Kayan filed a motion to intervene in the foreclosure action as a matter of right under Super. Ct. Civ. R. 24(a)(2). Kayan sought an award from the surplus from the foreclosure sale, arguing that Kayan was entitled to damages due to Mr. Yunus's alleged refusal to leave the property.

The trial court denied the motion. The trial court noted that Rule 24(a)(2) requires the trial court to permit the intervention of a party that "claims an interest relating to the property or transaction that is the subject of the action, and . . . is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless . . . existing parties adequately represent that interest." The trial court explained that this court has applied a "flexible and practical approach" to determining what qualifies as an "interest" for the purpose of intervention, viewing the interest requirement as a "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *See Calvin-Humphrey v. District of Columbia*, 340 A.2d 795, 798-99 (D.C. 1975).

The trial court concluded for several reasons that denying intervention would not impair Kayan's interests and that permitting Kayan to intervene would not be compatible with efficiency and due process. First, adjudication of Kayan's damages claim based on an alleged refusal by Mr. Yunus to leave the property was outside the purview of the Mortgage Foreclosure Calendar, which was handling the foreclosure matter and which deals with a very high volume of cases. Second, the foreclosure matter had been pending for two years, and judgment had been entered over a year ago, so intervention would cause undue delay. Third, Kayan had

adequate remedies in other parts of the Superior Court, and Kayan had in fact filed an action for possession.

## II.

"To the extent that the trial court's ruling on a motion to intervene as a right is based on questions of law, it is reviewed de novo; to the extent that it is based on questions of fact, it is ordinarily reviewed for abuse of discretion." *McPherson v. District of Columbia Hous. Auth.*, 833 A.2d 991, 994 (D.C. 2003) (brackets and internal quotation marks omitted). It is not entirely clear how this standard of review applies to the trial court's determinations in this case. We need not decide that question, however, because we agree with the trial court's ruling.

We need not resolve the question whether an unadjudicated claim of unlawful possession of real property is a protectable interest within the meaning of Rule 24(a)(2). Even assuming that such a claim is a protected interest, we share the trial court's concerns about the practical implications of permitting parties with such claims to intervene as of right in foreclosure proceedings. *See Calvin-Humphrey*, 340 A.2d at 798-99 (explaining that application of Rule 24(a)(2) should "prevent[] litigation from becoming unmanageably complex"). To rule on such claims,

foreclosure courts would have to determine the period of any unlawful occupancy, the value of the use of the property, defenses that the prior owner might have, and the relative rights of other possible claimants to any surplus. Allowing parties with such claims to intervene as a matter of right in foreclosure proceedings to try to recover from the surplus would doubtless make foreclosure cases both longer and more complex. In sum, we agree with the trial court that permitting intervention in this case would have excessively delayed the foreclosure case.

We are not persuaded by Kayan's arguments to the contrary. First, Kayan argues that intervention in the foreclosure action was the only way Kayan could recover damages based on the claim that Mr. Yunus illegally remained on the property after the foreclosure sale. We disagree. Whether or not Kayan could have sought such damages in its action for possession, Kayan unquestionably could have sought such damages in an action for ejectment. *See* D.C. Code § 16-1109(a)(2) (authorizing recovery of damages for use and occupation of property); *Hernandez v. Banks*, 84 A.3d 543, 556 (D.C. 2014) ("In an ejectment action, D.C. Code § 16-1109(a)(2) (2012 Repl.) allows a plaintiff to embody in [the] complaint, in a separate count, a claim for the clear value of the use and occupation of the property sued for—extending to the time of the verdict, and also damages for waste or injury to the premises during that period.") (ellipses and internal quotation marks omitted).

Second, Kayan relies on a decision of the Superior Court that permitted a purchaser at a foreclosure sale to intervene in a foreclosure action to make a claim against the foreclosure surplus based on the prior owner's alleged refusal to leave the property after foreclosure. *See Everbank v. Johnson*, No. 2015 CA 000658 (D.C. Super. Ct. Feb. 25, 2019). That decision is not binding on this court. *District of Columbia v. Gould*, 852 A.2d 50, 55 n.6 (D.C. 2004) ("[T]his court obviously is not bound by decisions of the Superior Court."). Moreover, the motion to intervene in *Everbank* does not appear to have been opposed, and the trial court did not explain its basis for granting the motion. *Everbank*, at 1.

Third, Kayan relies on a decision from Maryland permitting foreclosure purchasers to file motions seeking to recover damages from foreclosure-sale surpluses based on the prior owner's alleged refusal to leave the property after a foreclosure sale. *See Legacy Funding LLC v. Cohn*, 914 A.2d 760 (Md. 2007). *Legacy Funding* also is not binding on this court. Moreover, the court in *Legacy Funding* did not use the term "intervention" and did not address the standards applicable to intervention, instead focusing almost entirely on the substantive question whether and to what extent such damages are recoverable. *Id.* at 762-66.

Fourth, Kayan asserts that it should be viewed as in effect a secured creditor with respect to the foreclosure surplus, because as the successful bidder at the foreclosure action Kayan "stepped into the position of the foreclosing mortgagee." That assertion, however, is not supported by the sole District of Columbia decision Kayan cites, which notes that lenders who pay off a pre-existing mortgage and take a new mortgage as security for a new loan "step[] into the shoes of the [previous] mortgagee." *Ward v. Wells Fargo Bank, N.A.*, 89 A.3d 115, 122 n.5 (D.C. 2014). Kayan did nothing of that sort in this case, instead simply paying the purchase price at a foreclosure sale.

Fifth, Kayan relies on a case stating that "it is not enough to deny intervention under [R.] 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation." *HSBC Bank USA, N.A. v. Mendoza*, 11 A.3d 229, 236 n.23 (D.C. 2010) (internal quotation marks omitted). We are not persuaded, however, that requiring Kayan to raise its claim in an action separate from the foreclosure proceedings imposes an undue burden on Kayan. We recognize that filing such an action is not a perfect solution from Kayan's perspective, because it is possible that Kayan would be unable to enforce a judgment that it obtained in a separate action. Kayan thus would prefer to be treated as though it had a secured

interest in the foreclosure surplus.  As we have explained, however, we conclude that Kayan is not entitled to be so treated.

Finally, Kayan relies on the principle that "any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors." *HSBC Bank*, 11 A.3d at 233 (brackets and internal quotation marks omitted). Because we do not doubt the propriety of the trial court's ruling denying intervention, that principle does not aid Kayan.

For the foregoing reasons, the judgment of the Superior Court is affirmed.

*So ordered.*